UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**RONNIE JOE FORTE**                                                                                    **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 5:15CV-P122-TBR**

**LYNN PRYOR** *et al.*                                                                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Ronnie Joe Forte, a prisoner proceeding *in forma pauperis*, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff identifies the following three Defendants: (1) Lynn Pryor, the Commonwealth Attorney; (2) Kathy Adams, an assistant prosecutor; and (3) Michael Cutoff, also an assistant prosecutor. Plaintiff sues Defendants only in their official capacities. As relief, Plaintiff seeks monetary and punitive damages.

In his complaint, Plaintiff states as follows:

> Fourth Amendment right as well as my Fifth and Sixth an Fourteen Amendment's has all been violated. With malicious prosecution on my Fourth Amendment Right-"Without-probable cause to prosecute Ronnie J. Forte in Case no 10-CR-00515 and case no. 10-CR-00299 without probable cause to conviction. Both case was dismissed. As they were actual, unlawful, forcible restraints of his person. Also with false imprisonment. Also false, inaccurate and also perjured information was disclosure the affidavit including false statements that was material facts . . . Evidence was recklessly omitted in as evidence. The warrant contains deliberate falsity and reckless disregard for the truth. Four to five year's with violation on my right. For four year's Lynn Pryor has violated my Fourth Amendment right, with these two case's with malicious prosecution in a unlawful way. Lynn Pryor drop the warrant in case no. 10-CR-00299 case back in 2010

now in a "supervisory power" she Lynn Pryor dismiss the warrant now to gain influence in may new case 10-CR-00515 Lynn Pryor engages in outrageous misconduct in a pervasive misconduct to build a case against Ronnie J. Forte, pro, se which is a violation of his constitution right.  Now in 2014 in case No. 10-CR-00515 this case was "Dismissed without probable cause.  And in 2015 in case no. 10-CR-00299 was also "dismissed without probable cause.  These two case's was "vindictive-prosecutioni malicious prosecution and without probable cause," Misuse and Abuse

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia*

*Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-20 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment similarly bars the damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity). Thus, the claims against Defendants, who are employees of the Commonwealth of Kentucky sued in their official capacities for monetary damages, are barred by Eleventh Amendment immunity. *See Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *McDonald v. Prior*, No. 5:15CV-P6-TBR, 2015 WL 4041476, at *4 (W.D. Ky. July 1, 2015) (finding that the official-capacity claims for damages against prosecutors Prior and Cuttoff were barred by Eleventh Amendment immunity).

Further, Defendants sued in their official capacities for monetary damages are not considered "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Thomas v. Noder-Love*, No. 13-2495, 2015 WL 4385284, at *5 (6th Cir. July 17, 2015) ("It is also well-settled that [Eleventh Amendment] . . . immunity applies to claims under § 1983, meaning that states and state officials sued in their official capacity are not considered 'persons' under § 1983 and, therefore, cannot be sued for money damages without the state's consent.").

## IV. CONCLUSION

For the foregoing reasons, this complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) by separate Order.

Date:

cc:	Plaintiff, *pro se*
	Defendants
4413.003